UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PERMANENS CAPITAL, L.P., <br><br> -v- <br><br> JEFFERY BRUCE, <br><br> Defendant. | 21-cv-10525 (JSR)(RWL) <br><br> <u>MEMORANDUM ORDER</u> |

JED S. RAKOFF, U.S.D.J.:

  On July 22, 2022, the Honorable Robert W. Lehrburger issued a Report and Recommendation ("R&R") in the above-captioned matter, recommending that the motion of defendant Jeffery Bruce seeking to dismiss the Complaint be granted in part and be denied in part. Mr. Bruce filed no objections to the R&R, but plaintiff Permanens Capital, L.P. ("Permanens") filed timely objections on August 5, 2022. This Court has reviewed the motion, the R&R, Permanens's objections, and the underlying record <u>de novo</u>. Having done so, it finds itself in complete agreement with Magistrate Judge Lehrburger's excellent R&R.

  This case concerns restrictive covenants. Mr. Bruce was once employed by Permanens. The terms of his employment, set down in an employment agreement dated July 23, 2019, forbade Mr. Bruce from competing with Permanens in several ways both during and after his tenure; they also required Mr. Bruce to pay a fee to Permanens (deemed "transition compensation") if a Permanens client terminated its relationship with Permanens and engaged Mr. Bruce.

1

Permanens alleges that Mr. Bruce breached these provisions of the agreement and tortiously interfered with its business relations as well.

The R&R recommends dismissing Permanens's claim for tortious interference and its claims arising from subection 12(b) and section 13 of the employment agreement.[1] The R&R opines that the pertinent obligations imposed by subsection 12(b) are unenforceable because they are overbroad restrictive covenants. The R&R also opines that section 13 is unenforceable because it is a penalty clause.

Permanens's first objection to the R&R is to argue that the offending paragraphs of subsection 12(b) can be reformed by the Court so that Permanens's claims based on that subsection need not be dismissed altogether. Under New York law, restrictive covenants must be narrowly tailored so that they serve one of four employer interests: "(1) protection of trade secrets; (2) protection of confidential client information; (3) protection of an employer's client base; and (4) protection against irreparable harm when an employee's services are unique or extraordinary." Locke v. Tom James Co., No. 11-CV-2961, 2013 WL 1340841, at *7 (S.D.N.Y. March 25, 2013). While it is true that "courts may 'blue pencil' an overbroad restrictive covenant to enforce only its reasonable

---

[1] All references to "sections" and subdivisions thereof refer to provisions of the July 23, 2019 employment agreement between Permanens and Mr. Bruce.

provisions," Webcraft Technologies, Inc. v. McCaw, 674 F. Supp. 1039, 1047 (S.D.N.Y. 1987), nonetheless, "a court should not attempt to partially enforce a non-compete provision where its infirmities are so numerous that the court would be required to rewrite the entire provision." Mister Softee, Inc. v. Tsirkos, No. 14-CV-1975, 2014 WL 2535114, at *9 (S.D.N.Y. June 5, 2014). To enforce subsection 12(b), the Court would have to play draftsman rather than editor.

The fact is that each paragraph of section 12 allegedly breached by Bruce is grossly overbroad. A restrictive covenant that forbids solicitation of employees must be tailored so that it protects against "the misappropriation of the employer's trade secrets or of confidential customer lists or competition by a former employee whose services are unique or extraordinary." BDO Seidman v. Hirschberg, 712 N.E.2d 1220, 1223 (N.Y. 1999). Paragraph 12(b)(B) goes well beyond that, prohibiting Mr. Bruce from soliciting Permanens's employees in any way whatsoever. Paragraph 12(b)(C) prohibits Mr. Bruce from soliciting Permanens's clients -- even if Mr. Bruce had developed relationships with such clients through his independent efforts; even if such clients approached Mr. Bruce at their own initiative; and even if such clients were not actually Permanens's clients, but were merely potentially so. In each of these ways, paragraph 12(b)(C) is overbroad. See Scott, Stackrow & Co., C.P.A.'s, P.C. v. Skavina, 9 A.D.3d 805, 806 (N.Y.

App. Div. 2004) (deeming a non-solicitation covenant overbroad because it applied to independent relationships); Deloitte & Touche, LLP v. Chiampou, 222 A.D.2d 1026, 1027 (N.Y. App. Div. 1995) (deeming a non-solicitation covenant overbroad because it forbade conversations initiated by clients); Mercer Health & Benefits LLC v. DiGregorio, 307 F. Supp. 3d 326, 350 (S.D.N.Y. 2018) (deeming a non-solicitation covenant overbroad because it applied to merely potential clients). While in theory the Court might be able to narrow some of these provisions by striking some of their language, nevertheless, revising them all, which is really what would be required to save them, is not an option given to the Court on any reasonable reading of the authorities stated above. Accordingly, as the R&R recommends, all claims based on alleged breaches of paragraph 12(b)(C) are dismissed. As for paragraph 12(b)(D), it is a catch-all that prohibits "interfere[ing] with, disrupt[ing], or attempt[ing] to disrupt" Permanens's "dealings." This paragraph is overbroad by design and so any claims based on it must also be dismissed.

Permanens's second objection is that claims based on section 13 should not be dismissed, either because section 13 is not a penalty clause or because, in any event, the proposition that section 13 is a penalty clause cannot be considered on a motion for dismiss as it is an affirmative defense.

4

As to the alternative argument, Mr. Bruce's motion to dismiss properly raised the issue of whether section 13 is a penalty clause. While affirmative defenses are typically raised in the defendant's answer, they may be raised on a motion to dismiss where "the complaint itself establish[es] the circumstances required as a predicate to a finding" that the affirmative defense applies. McKenna v. Wright, 386 F.3d 432, 435 (2d Cir. 2004); see also Am. E Grp. LLC v. Livewire Ergogenics Inc., No. 1:18-CV-3969-GHW, 2020 WL 469312, at *11 (S.D.N.Y. Jan. 28, 2020), appeal withdrawn, No. 20-540, 2020 WL 2461857 (2d Cir. Feb. 27, 2020), and aff'd, No. 21-1891-CV, 2022 WL 2236947 (2d Cir. June 22, 2022) (determining that a contractual provision was a penalty clause on a motion to dismiss); Union Cap. LLC v. Vape Holdings Inc., No. 16 CIV. 1343 (RJS), 2017 WL 1406278, at *7 (S.D.N.Y. Mar. 31, 2017) (same).

And as to the argument generally, here the Complaint's face discloses unequivocally that section 13 is a penalty clause. A provision for liquidated damages is an unenforceable penalty clause if the amount liquidated does not "bear[] a reasonable proportion to the probable loss." Truck Rent-A-Ctr., Inc. v. Puritan Farms 2nd, Inc., 361 N.E.2d 1015, 1018 (N.Y. 1977). Section 13 requires Mr. Bruce to pay Permanens an amount equal to 2.5 times the revenue that Permanens derived during the preceding year from any client that terminates or reduces their relationship with Permanens and engages Mr. Bruce. The facts pled in the Complaint,

5

even when read most favorably to Permanens, do not remotely show that this amount is a reasonable estimate of Permanens's actual loss under such circumstances. Section 13's "transition compensation" is calculated on a gross basis, not net of Permanens's costs, and Permanens has not pled that such costs are negligible. Permanens has not pled that 2.5 years is the average length of its relationships with its clients, nor has it pled that Permanens's revenues from each client tend to be consistent from year to year. Without these facts, it is plain from the surface of the Complaint that section 13 did not liquidate Permanens's losses, but rather served as a potential penalty to discourage Mr. Bruce from poaching Permanens's clients.

For the reasons set forth above, the Court adopts the R&R in its entirety. Specifically, Mr. Bruce's motion to dismiss is granted with respect to Permanens's claims arising from paragraphs 12(b)(B), 12(b)(C), 12(b)(D); its claims arising from section 13; and its tortious interference claim. Such claims are dismissed with prejudice. Mr. Bruce's motion is denied in all other respects, specifically with respect to claims arising from subsection 12(a).

SO ORDERED.

Dated:   New York, NY

September 19, 2022

_____
JED S. RAKOFF, U.S.D.J.